## KING *v.* RUTH.*

### (Division A.    Oct. 20, 1924.)

#### [101 So. 500.    No. 23136.|

ANIMALS.    *Each separate owner of animals causing injury liable only for that caused by his own, and proof is essential to support recovery of more than nominal damages.*

Where animals separately owned unite in committing an injury, each owner is responsible only for the damage done by his animal, and, in a case wherein one only of such owners is sued, he can be held liable for nominal damages only in the absence of such evidence that will enable the jury to determine the amount of the damage that was inflicted by his animal.

*Headnote 1.    Animals, 3 C. J., section 455, 472.

APPEAL from circuit court of Calhoun county.

HON. W. A. ROANE, Judge.

Action by A. J. Ruth against J. C. King.    From a judgment for plaintiff, defendant appeals.    Reversed and remanded.

*H. H. Creekmore,* for appellants.

On the trial there was no testimony as to whether the land on which the corn, alleged to have been damaged, stood, was in a stock law district.    Nor did the testimony disclose whether this land was inclosed by a lawful fence. On both these questions there is absolute lack of testimony.

No one undertook to estimate or guess at the amount of corn destroyed by the defendant's hogs, and the proof showed, without conflict, that other hogs had been in the corn during the fall and that large numbers of hogs ranged in the vicinity of the field in the bottoms.    Testimony as to opportunity of other hogs to damage the corn was uncontradicted.

I.    The court gave but one charge to the jury for the plaintiff.   This charge authorized the jury to find for the plaintiff and assess the damages, as they reasonably believed plaintiff is entitled to, not to exceed one hundred dollars, the amount sued for, if they believe from the preponderance of the evidence that the defendant allowed his hogs to eat and destroy the corn of the plaintiff.   The instruction given for the plaintiff was error because it authorized the jury to find against the plaintiff such damage as the jury reasonably believed plaintiff was entitled to.   It did not require that this belief, as to the amount of damage, should come from the testimony, nor did it require that the damage had been done by the defendant's hogs, and it wholly disregarded the fact that the plaintiff had not shown that he had a lawful fence, or that his land was in a stock law district.   We respectfully insist that for the giving of this instruction alone the judgment appealed from should be reversed.

II.   The peremptory instruction asked for by the defendant should have been granted because the land of the plaintiff was not enclosed by a lawful fence, nor was it in a stock law district, and the running at large of the hogs of the defendant did not make him liable for damages for crops destroyed by them under the existing circumstances.

At common law, the owner of animals was required to keep them from trespassing upon the land of others, but this common-law rule has no application in Mississippi and has never had.   *Anderson* v. *Locke,* 64 Miss. 283; *N. O. & G. N. R. R. Co.* v. *Filbrick,* 46 Miss. 578.   This whole subject is within the power of the legislature and it has acted relative thereto.   Section 4539, Hemingway's Code, defines a lawful fence, and section 4541, Hemingway's Code, makes the owner of animals trespassing through a lawful fence liable in damages for all injuries committed by such animals and given a lien on the animals for the damages.

III.   There was no basis in the testimony for the assessment of the amount of damages intelligently.   Possibly there was some basis from which a jury might have estimated the total amount of damage done to the corn, but no witness undertook to say how much of this damage was done by the hogs of the plaintiff or how much was done by the hogs of others.   As to all these matters, the jury was absolutely without guide and all they could do in determining the amount of damage done by the hogs of the defendant, was to guess.   *State* v. *Widman,* 112 Miss. 1.   And where, from the testimony, it cannot be told what part of the total damages done has been done by the defendant's wrong, a peremptory instruction should be given in favor of the defendant.   *Hightower* v. *Henry,* 85 Miss. 476.

*R. H. Knox,* for appellee.

It is claimed by the appellant that perhaps all the hogs that trespassed on and destroyed this corn did not belong to him.   The defendant himself claimed that some of the hogs belonged to his boy; some of the other witnesses claimed that hogs other than his were in the corn.   The jury heard all of the facts in the case and fixed the damages done by King's hogs at one hundred dollars.

In *Montgomery* v. *Handy,* 62 Miss. 16, the court held that one is ''equally responsible for damages inflicted by the stock of his brother, which by permission, had been mingled with his own.''   It is insisted that instruction No. 1 given for the plaintiff, was erroneous because it authorized the jury to find against the plaintiff such damages as the jury reasonably believed the plaintiff was entitled to, contending that under this instruction the jury was not required to form their belief from the testimony in the case.   The objection might be well taken if the jury had had no proof or no evidence of actual damages, but since the proof was overwhelming, that there was damage done and done by King's hogs, it is reasonable to

suppose that the jury believed from a preponderance of the evidence that the plaintiff was entitled to the amount sued for, if not more.

This case was submitted to the jury wholly and solely upon the proposition as to whether or not, first, the plaintiff's corn was destroyed and damaged, and, second, whether or not King's hogs did the damage, and, third, if they did, what was the extent of the damage done by King's hogs, even though it may be contended that other hogs did damage the corn.

The proof showed that damage to the amount of much more than one hundred dollars was done to the corn, but the jury rendered a verdict for one hundred dollars against King for the damage that his hogs had done.

Smith, C. J., delivered the opinion of the court.

The appellee sued the appellant in the court of a justice of the peace to recover damages for the value of corn belonging to him and alleged to have been destroyed by the appellant's hogs, and recovered in that court, and also in the circuit court to which the case was appealed.

The appellee's complaint is that the appellant's hogs entered his land and destroyed corn belonging to him growing thereon. The evidence does not disclose that the land was inclosed by a lawful fence, section 2222, Code of 1906, Hemingway's Code, section 4541, or is in a stock law district, section 2234, Code of 1906, Hemingway's Code, section 4553, and the case seems to have been tried in the court below on the theory, in which counsel for each of the parties seem to have participated, that such proof was unnecessary, for which reason, since the judgment must be reversed independently of any error that may have been committed in this connection, we will pretermit any consideration thereof.

The evidence discloses that the corn remained ungathered in the field until late in the spring, during which time a part of it was knocked down and destroyed by

hogs. On several occasions hogs belonging to the appellant were seen in the field, and, on at least one occasion, were driven therefrom by the appellee; but it is manifest from the evidence that the damage was inflicted not alone by the hogs of the appellant, but that hogs belonging to other of the appellee's neighbors participated therein. While hogs other than those of the appellant were seen in the field only once, such hogs were shown to have ranged in the neighborhood thereof, to have had unobstructed access thereto, and there were numerous hog tracks entering and leaving the field at places different from that at which the field would have been entered by the hogs of the appellant. The case presented by the evidence, therefore, is one of separate and distinct trespasses committed by the hogs of different owners, each of whom can be held liable only for the damage committed by his hogs. Chapin on Torts, 232; 3 C. J. 145; 1 R. C. L. 1106; 1 Sutherland on Damages, 368; 2 Cooley on Torts, 704. The court below recognized this rule by instructing the jury in accordance therewith; but the evidence contains nothing whatever that could have been of the slightest assistance to the jury in arriving at the amount of the damage that was inflicted by the appellant's hogs. Consequently the appellee, assuming for the sake of the argument that he was not barred from recovering because of his failure to prove that the field was inclosed by a lawful fence, or was within a stock law district, should have been permitted to recover nominal damages only.

In *Montgomery* v. *Handy*, 62 Miss. 16, a recovery was allowed against one for the commission of a trespass by his and the cattle of another; but, as was there pointed out, he had permitted the cattle to enter and mingle with his on his own land and to go therefrom onto his neighbor's land, for which reason he was held to be *pro hac vice*, the owner of all of the cattle. This record presents no such case.

*Reversed and remanded.*